152 A.3d 885

IN THE MATTER OF CHONG S. KIM, AN ATTORNEY
AT LAW (ATTORNEY NO. 004771997)

JANUARY 11, 2017

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 15–404, concluding that **CHONG S. KIM** of **PALISADES PARK,** who was admitted to the bar of this State in 1997, should be suspended from the practice of law for a period of three months for violating *RPC* 1.8(a)(conflict of interest—business transaction with client), *RPC* 1.15(d) and *Rule* 1:21–6 (record-keeping violations), *RPC* 7.1(a)(false or misleading communications about the lawyer's services, or any matter in which the lawyer has or seeks a professional involvement), *RPC* 7.5(a)(using a firm name, letterhead or other professional designation that violates

*RPC* 7.1), and *RPC* 7.5(b)(failing to indicate the jurisdictional limitations on lawyers not licensed to practice in the jurisdiction where the office is located);

And the Disciplinary Review Board having further concluded that after reinstatement to practice, respondent should be required to submit monthly reconciliations of his attorney trust account to the Office of Attorney Ethics on a quarterly basis for a period of two years;

And the Court having determined from its review of the matter that respondent should repay the loan in the *Griffith* matter;

And good cause appearing;

It is ORDERED that CHONG S. KIM is suspended from the practice of law for a period of three months, effective February 10, 2017, and until the further Order of the Court; and it is further

ORDERED that after reinstatement to the practice of law, respondent shall submit to the Office of Attorney Ethics, monthly reconciliations of his attorney accounts on a quarterly basis for a period of two years, and until further Order of the Court; and it is further

ORDERED that respondent shall comply with the agreement to repay the loan in the *Griffith* matter as submitted to the Court on December 5, 2016, and shall provide the Office of Attorney Ethics with proof of repayment; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.